IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 799 C.D. 2024 |
| | : | |
| Ronald Calvin Bingaman, | : | Submitted: June 16, 2026 |
| Appellant | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                     FILED: July 29, 2026

Ronald Calvin Bingaman (Appellant) appeals from the August 29, 2023 order of the Court of Common Pleas of the 39th Judicial District, Fulton County (trial court), finding him guilty of two summary offenses under the Game and Wildlife Code (Code).[1]  After careful review, we affirm.

## I.   Factual and Procedural History

On November 26, 2022, a Pennsylvania State Game Warden responded to a report of possible trespassing and unlawful deer harvesting on private property located on Tollgate Road in Thompson Township, Fulton County (Tollgate Property). Upon arrival, the Game Warden discovered the carcass of a recently killed four-point buck.  He observed a drag path near the carcass, which he followed to identify the apparent location of the shooting.

---

[1] 34 Pa.C.S. §§ 101-2965.

At the suspected shooting site, the Game Warden noted the presence of a small shed. From that vantage point, he observed a farmhouse, later identified as the residence of Appellant. The Game Warden further observed multiple "No Trespassing" signs facing in the direction of the farmhouse and the shed, leading him to conclude that the signage was intended to prohibit access from that residence toward the area where the deer had been killed.

As the Game Warden approached the farmhouse, he encountered Appellant. Appellant voluntarily admitted that, while at the shed, he observed a buck approximately 200 yards away, took the shot, and subsequently retrieved the animal. Upon closer inspection, he realized the buck did not meet the legal antler requirements for a lawful kill. Appellant stated that after dragging the deer carcass down the hill, he returned to the farmhouse with the intention of notifying the Pennsylvania Game Commission.

On December 7, 2022, the Game Warden cited Appellant with violations of Sections 2314(a)(1) and 2307(a) of the Code.[2] Appellant pleaded not guilty to both

---

[2] Section 2314(a)(1) of the Code (Trespass on Posted Land) provides:

> (a) Trespass.--A person, while engaged in hunting or furtaking, commits an offense if, knowing that the person is not licensed or privileged to do so, the person:
>
>> (1) enters or remains on any land of another without authorization to do so, when the land is posted in a manner prescribed by law or reasonably likely to come to the person's attention[.]

34 Pa.C.S. § 2314(a)(1).

> Section 2307(a) of the Code (Unlawful Taking of Game or Wildlife) provides:
>
>> (a) General rule.--It is unlawful for any person to aid, abet, attempt or conspire to hunt for or take or possess, use, transport or conceal any game or wildlife unlawfully taken or not properly marked or any part

**(Footnote continued on next page…)**

charges on December 15, 2022. The matter proceeded to summary trial on April 4, 2023. At the conclusion of trial, a magisterial district judge found Appellant guilty of both charges.

Appellant filed a notice of appeal. The trial court conducted a *de novo* trial on August 29, 2023. At the trial, the Game Warden testified that Appellant acknowledged being aware of the "No Trespassing" signage but claimed that he had permission to hunt on the Tollgate Property from the landowner, Robert Wooldridge. (Transcript (Tr.), August 29, 2023, at 11-12.)

Jeffrey Wooldridge testified that his father, Robert Wooldridge, owned the Tollgate Property, and that he is currently acting as his father's power of attorney. He testified that there was a time when Appellant was allowed to hunt on the Tollgate Property, but that permission was revoked in 2015. *Id.* at 17. He testified that Appellant did not have permission to hunt on the Tollgate Property on November 26, 2022, and that Appellant knew, and had even acknowledged to him in a prior conversation, that his permission to hunt on the Tollgate Property had been revoked. *Id.* at 16.

Appellant testified in his own defense. He stated that he had lived at his residence for eight years and had hunted on the Tollgate Property since 2013 with "written permission." *Id.* at 24. However, he acknowledged that he had a "falling out" with Robert Wooldridge in mid-August of 2022. *Id.* at 30-31. He also acknowledged that "No Trespassing" signs facing towards his house were placed shortly after that falling out. *Id.*

---

thereof, or to hunt for, trap, take, kill, transport, conceal, possess or use any game or wildlife contrary to the provisions of this title.

34 Pa.C.S. § 2307(a).

At the conclusion of the August 29, 2023 trial, the trial court found Appellant guilty of both charges. It explained its rationale on the record as follows:

> Given the fact that [Appellant's] testimony was that there was a falling out in the midsummer of 2022, I do not find it reasonable for him to believe or think or feel that those signs that were encircling his house in November of 2022, point at his house, were not meant for him. Therefore, I find that [Appellant] is guilty of the offenses of trespassing on private property while hunting, which was posted or fenced and the unlawful taking or possession of game or wildlife and the penalties from the lower [c]ourt will stand.

*Id.* at 42.

On October 3, 2023, Appellant filed a timely notice of appeal.[3]

## II. Issues

On appeal,[4] Appellant argues that the evidence was insufficient to support a conviction under Section 2314(a)(1) of the Code. He further contends that because the evidence was insufficient to support a conviction under Section 2314(a)(1) of the Code, his conviction under Section 2307, which was based on the Section 2314(a)(1) violation, must, in turn, also be vacated.[5]

---

[3] Appellant inadvertently filed it in the Superior Court, which transferred the matter to this Court.

[4] "Our standard of review when evaluating the sufficiency of the evidence in a conviction for a summary offense is whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the [offense] charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Prentiss*, 315 A.3d 255, 261 (Pa. Cmwlth. 2024) (quoting *Commonwealth v. Austin*, 846 A.2d 798, 800 n.2 (Pa. Cmwlth. 2004)).

[5] The Commonwealth did not file an appellate brief and instead relied on the trial court's opinion.

### III.    Discussion

Under Section 2314(a) of the Code, a person, while engaged in hunting or furtaking, commits an offense if, knowing that the person is not licensed or privileged to do so, the person enters or remains on any land of another without authorization to do so, when the land is posted in a manner prescribed by law or reasonably likely to come to the person's attention or is fenced or enclosed in a manner manifestly designed to exclude trespassers.  34 Pa.C.S. § 2314.

Thus, the standard is whether the person knew he was not licensed or privileged to hunt on the property when the land is posted or where reasonably likely to come to the person's attention that he would not be permitted on the land.

Appellant asserts that the Commonwealth failed to establish beyond a reasonable doubt that he knew he was not permitted to hunt on the Tollgate Property. He argues that the evidence instead shows he had a history of hunting on the land by agreement with the landowner, that he lived at his residence for eight years and hunted the land in the past.  He also points out that "No-Trespassing" signs had been erected in the past, but he was permitted to hunt despite them, and that the Commonwealth failed to demonstrate there was anything different about this deer season.  He maintains that the only testimony elicited that his privileges to hunt on the land were revoked was the hearsay testimony of Jeffrey Wooldridge.

Questions of credibility and conflicts in the evidence presented are within the province of the trial judge, acting as a jury, to resolve; they are not within the province of appellate courts.  *Blobner v. Commonwealth*, 600 A.2d 708, 710 (Pa. Cmwlth. 1991); *Poff v. Commonwealth*, 609 A.2d 594, 595 (Pa. Cmwlth. 1992).

In this case, the trial court found the evidence presented by the Commonwealth was sufficient to prove beyond a reasonable doubt that Appellant knew

5

that he was not licensed or privileged to hunt on the Tollgate Property and, therefore, found him guilty of violating Sections 2314 and 2307(a). Specifically, the trial court explained in its opinion that the Tollgate Property was posted in a manner prescribed by law. (Trial Court Op., 1/2/25, at 9.) Signs were posted on the Tollgate Property alerting any person coming onto the land that trespassing was not permitted. *Id.* It also found that the Game Warden testified credibly that this would include the location where the deer was shot, the location in which he found the deer, and the location from which Appellant admitted that he shot the deer. *Id.* The trial court also found that Appellant went onto the Tollgate Property because he admitted to standing by the shed to shoot the deer and then going across the Tollgate Property and dragging the deer partway back to his residence. *Id.*

Regarding Appellant's testimony that he had written permission to hunt on the Tollgate Property and that permission extended to November 2022, the trial court found Appellant's testimony "strains credulity." *Id.* at 10. The trial court did not find it reasonable for Appellant to believe or think or feel that the "No Trespassing" signs that "literally encircled and [] pointed at his house" were not meant for him. *Id.*

Based upon the facts presented to the trial court and permitting questions of credibility and conflicts in the evidence to be resolved by the trial court, and drawing our own conclusions and inferences from those facts, it is clear to this Court that the Commonwealth met its burden of proving Appellant guilty of hunting on the Tollgate Property without permission in violation of Section 2314 of the Code.

With regard to Appellant's contention that the Commonwealth failed to prove his violation of Section 2307(a), that Section prescribes killing game contrary to the provisions of the Code. In order for the Commonwealth to establish a violation of Section 2307(a), the Commonwealth must establish a violation of another provision of

the Code. Stated otherwise, Section 2307(a) depends upon another provision of the Code to have efficacy. *Prentiss*, 315 A.3d at 263. As we have just held, sufficient evidence supported Appellant's conviction under Section 2314 of trespassing on property clearly posted where he knew he did not have permission to hunt. That infraction is sufficient to support a conviction under Section 2307(a).

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
   :
        v.            :   No. 799 C.D. 2024
   :
Ronald Calvin Bingaman,    :
          Appellant    :


## *__ORDER__*


AND NOW, this 29th day of July, 2026, the August 29, 2023 order of the Court of Common Pleas of the 39th Judicial District, Fulton County is hereby AFFIRMED.


_____
PATRICIA A. McCULLOUGH, Judge